UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 3:19-cv-01118 |
| ) | District Judge Eli J. Richardson |
| LAURIE S. LEE, in her official ) capacity as Executive Director of the ) Department of Finance and ) Administration (Benefits ) Administration) for the State of ) Tennessee, and JOHN and JANE ) DOES 1-100, in their official ) capacities as Employees of the State ) of Tennessee, ) ) | Magistrate Judge Barbara D. Holmes
JURY DEMAND |
| Defendants. ) | |

## AGREED PERMANENT INJUNCTION

On December 19, 2019, this Court entered an Amended Order Granting Plaintiff's Unopposed Motion for Temporary Restraining Order ("Amended Order"), which enjoined until further order of the Court any disclosure of the Confidential Information by Defendants pursuant to the Open Records Law request of then State Representative Martin Daniel or any subsequent request, open records or otherwise. (*See* Doc. No. 9).[1] Thereafter, the Parties agreed, with the Court's approval, to extend the Amended Order

---

[1] As indicated by the Amended Order, "Confidential Information" is any material that can be reasonably viewed, individually or in combination, as competitively sensitive, valuable, confidential, proprietary, and/or trade secret information that the Plaintiff has at any time in the past, or may in the future, furnish to the State in connection with Plaintiff performing any contractual obligation, past, present, or future, to administer the State's health and wellness plans. Such definition includes individual categories of data, which have been previously identified on a spreadsheet (DE 9 Ex. A) that was filed with the Amended Order (including, by way of example only, the "line charged amount," the "line allowed amount," and the "line insurance paid"). The spreadsheet listing these individual categories of data is likewise attached to this Order and the items on that spreadsheet are incorporated herein within the definition of "Confidential Information" (as would be the same or similar information displayed in alternative forms).

until December 3, 2021, while the Parties worked toward a satisfactory resolution of this matter. The Parties have achieved that resolution, as reflected in this Agreed Permanent Injunction.

After a thorough review of the Confidential Information and the applicable state and federal law, the Parties have agreed to and the Court makes the following findings and reasons pursuant to Fed. R. Civ. P. 65(d):

1. Tennessee has adopted the Uniform Trade Secrets Act ("TUTSA"), which defines a "trade secret" as

> information, without regard to form, including, but not limited to, technical, nontechnical or financial data, a formula, pattern, compilation, program, device, method, technique, process, or plan that:
>
> (A) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and
>
> (B) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Tenn. Code Ann. § 47-25-1702(4).

2. TUTSA defines "misappropriation" as including the

> [d]isclosure or use of a trade secret of another without express or implied consent by a person who:
> . . .
> (ii) At the time of disclosure or use, knew or had reason to know that that person's knowledge of the trade secret was:
> . . .
>     (b) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
>
>     (c) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit it use; …

Tenn. Code Ann. § 47-25-1702(2)(B).

3. Plaintiff's Confidential Information includes *inter alia* the contracted amounts that Plaintiff pays to specific health care providers for particular health care services furnished to individuals enrolled in health care coverage offered or administered by Plaintiff ("Members"), including Members who participate in the health and welfare plans sponsored by the State of Tennessee (the "State") for its employees, and the methodology for how Plaintiff determines such amounts except when the State defines the payment methodology as allowed under the contract (and without direct reliance on Plaintiff's contracted rates with providers or Plaintiff's methodology for determining payment amounts), or as required by State law. The Parties agree that, individually or combination, the Confidential Information constitutes a "trade secret" or "trade secrets," as that term is defined under state law, including TUTSA.

4. The Parties agree that Plaintiffs' Confidential Information also contains Protected Health Information ("PHI") of Members enrolled in the health and welfare plan sponsored by the State, such PHI which Plaintiff, Defendants, and the State, in its capacity as the sponsor of a health and welfare plan, protect from improper use and disclosure under state and federal law, including Health Insurance Portability and Accountability Act of 1996 (HIPAA), Public Law 104-191, 45 C.F.R. Part 160 and 164 and Tenn. Code Ann. § 10-7-504(a)(1) and § 63-2-101.

5. The Parties agree that disclosure of Plaintiff's Confidential Information, such as in response to a public records request, informal intragovernmental inquiry or other disclosure, by Defendants (whether a direct disclosure, a disclosure on their behalf, or a disclosure through any other agency of Tennessee state government) could be inconsistent with and/or prohibited by the state and federal laws identified above. Additionally, the disclosure of Plaintiff's Confidential Information may, including

inadvertently, facilitate third-party conduct that harms competition in the Tennessee health care market, to the detriment of market participants, including individuals and entities that purchase health care coverage, which includes the State of Tennessee.

6. During the course of this litigation, including after the Amended Order was entered, requests have been made for the Confidential Information, further underscoring the need for a permanent injunction that will clarify and confirm the protected nature of the Confidential Information and establish the limited circumstances under which disclosure may be appropriate.

7. Accordingly, the Parties agree that, in order to ensure full compliance with all applicable state and federal laws and to maintain the confidentiality and integrity of the Confidential Information, the Defendants shall be permanently enjoined from disclosing the Confidential Information except only under the limited circumstances explained below.

8. Defendants may disclose Plaintiff's Confidential Information when required by federal or state law or regulation. Defendants shall minimize the amount of Plaintiff's Confidential Information to be disclosed pursuant to this Paragraph 8 to that which is necessary to comply with the applicable federal or state law or regulation. Unless such notice is not permitted under the relevant law or regulation, prior to any disclosure of Plaintiffs' Confidential Information Defendants shall provide to Plaintiff written notice at least 7 business days to allow Plaintiff to take whatever action it deems necessary, including conferring with the relevant State officials.[2]

---

[2] Notice shall be provided in accordance with the Notice provisions of the Contracts, see n. 3 infra.

9.	Defendants may disclose Plaintiff's Confidential Information only when necessary pursuant to the Contracts.[3] For instance, pursuant to the Contracts with the Plaintiff, the State, through various departments, has the right to conduct certain audits. Consistent with the terms of the Contracts, the State, through appropriate departments, may conduct such audits even though conducting such audits may require disclosing Confidential Information to third-party auditing resources contracted by the State to perform the audit. The Parties also understand and recognize that the Contracts with the Plaintiff allows the State to use its data, which may also contain Plaintiff's Confidential Information, for certain other purposes, as provided in the Contracts. Nonetheless, Defendants agree and shall (a) minimize the amount of Plaintiff's Confidential Information to be disclosed pursuant to this Paragraph 9 to that which is minimally necessary under the Contracts, and (b) treat the Confidential Information under the strictest standards of confidentiality of records and information, and shall require any third party receiving Plaintiff's Confidential Information from the State or Defendants to protect the Confidential Information in the same manner as Defendants. Only for purposes of clarification, the Parties acknowledge Plaintiff's Confidential Information has been, and may be continue to be, disclosed by Defendants to the Insurance Committees' contracted actuarial consultant pursuant to Section A.23(f) and A.24 of the Contract effective May 1, 2021 for purposes of benefits administration

---

[3] For purposes of this Order, the term "Contracts" shall mean that certain Contract Between the State of Tennessee, State Insurance Committee, Local Education Insurance Committee, Local Government Insurance Committee, and BlueCross BlueShield of Tennessee, Inc. for Third Party Administrator Services for the Public Sector Health Plans effective September 1, 2015 and that certain Contract Between the State of Tennessee, State Insurance Committee, Local Education Insurance Committee, Local Government Insurance Committee, and BlueCross BlueShield of Tennessee, Inc. for Third Party Administrator Services for the Public Sector Health Plans effective May 1, 2021. The State includes any department or agency that, in the performance of its official duties, that has access to or is provided Plaintiff's Confidential Information and has the authority and/or duty to disclose such Confidential Information."

including benefit plan consulting, program evaluation and analysis, plan design, forecasting, premium setting and Other Post Employment Benefits (OPEB) valuations.

10. In the event that the State is required to disclose Plaintiff's Confidential Information to a third party pursuant to Paragraph 9 herein, the Parties agree that (1) Plaintiff is and shall hereinafter be deemed an intended third party beneficiary of the State's contract with each and every third party with respect to the protection of the confidentiality of, and prohibition against use and disclosure of, Confidential Information (2) the State shall not hinder any effort, as needed to enforce Plaintiff's third-party beneficiary rights, whether in a court of law or otherwise, and (3) no Confidential Information may be disclosed by the State to such third-party without a signed confidentiality agreement in place between Plaintiff and such third party. This confidentiality agreement must provide that the third party (a) will maintain the confidentiality of and not disclose the Confidential Information to any other third party (b) will not appropriate or otherwise use the Confidential Information for any purpose except solely as needed to perform the task at issue, (c) will not discuss Confidential Information with anyone other than the State4 officials who have contracted with the third party; (d) will not use or disclose the Confidential Information beyond what is necessary to perform the specific task at issue. Further, the agreement must recognize the right of Plaintiff to seek injunctive and other appropriate relief in the event of impermissible use or disclosure of the Confidential Information by the third party. The Parties further agree that in this circumstance, no Confidential Information may be released by the State to such third party without a signed, confidentiality agreement in place between the relevant State of Tennessee agency/department and the third party

that contains the same protections and rights for Plaintiff as discussed immediately above in this Paragraph 10.

11. No other disclosures of the Confidential Information by Defendants are permitted absent express written consent from Plaintiff or upon further order of the Court.

12. All terms and provisions of this Order may be modified only by written, mutual agreement of the Parties.

It is therefore **ORDERED** that the Amended Order shall be replaced, upon entry hereof, with this Order and Defendants are hereby **PERMANENTLY ENJOINED** from disclosing the Confidential Information except for the limited purposes, and under the specific protocol identified, as set out herein.

It is so ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

**APPROVED FOR ENTRY:**

HERBERT H. SLATERY, III
Attorney General and Reporter

/s/ Janet M. Kleinfelter
Janet M. Kleinfelter (#13889)
Deputy Attorney General
Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-7403
janet.kleinfelter@ag.tn.gov
*Counsel for Defendants Laurie S. Lee and Employees of the State of Tennessee*